JAMES A. SARRAIL, ESQ. (SBN 43075)
MONICA CASTILLO, ESQ. (SBN 146154)
SARRAIL, CASTILLO & HALL, LLP
111 Anza Blvd., Suite 203
Burlingame, CA 94010
Telephone:  (650) 685-9200
Facsimile:   (650) 685-9206

Attorneys for Plaintiff Richard Johnson

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CHAPARRAL SUPERMARKET, INC.;<br>OWNER OF 1001 E. SANTA CLARA<br>STREET, SAN JOSE; and DOES 1-10,<br>Inclusive,<br><br>                    Defendants. | Case No.:  5:16-cv-2807<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, 54.4 AND 55), INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants CHAPARRAL SUPERMARKET, INC.; OWNER OF 1001 E. SANTA CLARA STREET, SAN JOSE and DOES 1-10, Inclusive, and each of them, and alleges as follows:

A. **INTRODUCTION**

1. This case involves the denial of accessible public facilities to JOHNSON and other disabled persons at the Chaparral Supermarket ("CHAPARRAL SUPER") located at 1001 E. Santa Clara Street, San Jose, California 95116. JOHNSON, a qualified disabled person, experienced numerous barriers to access as a result of the access violations at

---

**COMPLAINT**                                                                                          1

1   CHAPARRAL SUPER, including but not limited to parking surfaces, pathways, counters,
2   signage, access aisles, doors, doorways, and bathrooms. JOHNSON has been a disabled
3   individual since an accident left him paraplegic in or about July 2009 and is a "person with
4   a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when
5   ambulating and is unable to use portions of public facilities which are not accessible to
6   disabled persons, including those who use a wheelchair. JOHNSON was denied his rights
7   to full and equal access at these facilities, and was denied his civil rights under both
8   California law and federal law, because these facilities were not, and are not now, properly
9   accessible to physically disabled person, including those who use a wheelchair. JOHNSON
10  seeks injunctive relief to require defendants to make these facilities accessible to disabled
11  persons and to ensure that any disabled person who attempts to use CHAPARRAL SUPER
12  will be provided properly disabled-accessible facilities. JOHNSON also seeks recovery of
13  damages for his discriminatory experiences and denial of access and civil rights, which
14  denial is continuing as a result of defendants' failure and refusal to provide disabled-
15  accessible facilities. JOHNSON also seeks recovery of reasonable statutory attorney fees,
16  litigation expenses and costs.

17  **B. JURISDICTION**

18      2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
19  of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
20  jurisdiction, attendant and related causes of action arising from the same facts are also
21  brought under California law, including but not limited to violations of California Government
22  Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
23  California Code of Regulations.

24  **C. VENUE**

25      3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
26  fact that the real property which is the subject of this action is located in this district, that
27  JOHNSON resides in this district and that JOHNSON's causes of action arose in this
28  district.

---

**COMPLAINT**                                                                                    2

1 **D. INTRADISTRICT**

2      4. This case should be assigned to the San Jose intradistrict as the real property
3 which is the subject of this action is located in this intradistrict and JOHNSON's causes of
4 action arose in this district.

5 **E. PARTIES**

6      5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has
7 been disabled since an accident left him paraplegic in or about July 2009 and is a "person
8 with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when
9 ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1.
10 Defendants, CHAPARRAL SUPERMARKET, INC.; OWNER OF 1001 E. SANTA CLARA
11 STREET, SAN JOSE; and DOES 1-10, Inclusive, are the owners, subsidiaries, operators,
12 lessors and lessees of the business property, buildings and/or portions thereof known as
13 Chaparral Super or Chaparral Supermarket ("CHAPARRAL SUPER"), located at 1001 E.
14 Santa Clara Street, San Jose, California 95116. CHAPARRAL SUPER is a "public
15 accommodation" and "business establishment" subject to the requirements of California
16 Civil Code §§51 et seq and   §§54. CHAPARRAL SUPER, since July 1, 1982, has
17 undergone construction and/or "alterations, structural repairs, or additions", subjecting such
18 facility to disabled access requirements of California Title 24, the State Building Code.
19 Further, irrespective of the alteration history, such premises are subject to the "readily
20 achievable" barrier removal requirements of Title III of the Americans with Disabilities Act
21 of 1990.

22      6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are
23 unknown to JOHNSON, who therefore sues said defendants by such fictitious names.
24 JOHNSON is informed and believes and alleges thereon that each of the defendants herein
25 designated as "Doe" is legally responsible in some manner for the events and happenings
26 herein referred to and caused injury and damages proximately thereby to JOHNSON.
27 JOHNSON prays leave of Court to amend this Complaint to show such true names and
28 capacities when the same have been ascertained.

1    7. Defendants, CHAPARRAL SUPERMARKET, INC.; OWNER OF 1001 E. SANTA
2 CLARA STREET, SAN JOSE; and Does 1 through 10, Inclusive, are and were the owners,
3 subsidiaries, operators, lessees and/or lessors of the subject property and/or buildings at
4 all times relevant to this Complaint. JOHNSON is informed and believes and alleges
5 thereon that each of the defendants herein is the agent, employee or representative of each
6 of the other defendants, and performed all acts and omissions stated herein within the
7 scope of such agency or employment or representative capacity and is responsible in some
8 manner for the acts and omissions of the other defendants in proximately causing the
9 damages complained of herein.

10

11                          **FIRST CAUSE OF ACTION**
                    **DENIAL OF FULL AND EQUAL ACCESS TO**
12              **PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
            **(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**
13
        8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
14
   factual allegations contained in Paragraphs 1 through 7, above, and incorporates them
15
   herein by reference as if separately plead hereafter.
16
        9. JOHNSON and other similarly situated physically disabled persons, including
17
   those who require the use of a wheelchair, are unable to use public facilities on a "full and
18
   equal" basis unless each such facility is in compliance with the provisions of California
19
   Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose
20
   rights are protected by the provisions of California Government Code §4450 et seq. and
21
   Civil Code §§ 54 and 54.1.
22
        10. Government Code §4450 et seq were enacted "to ensure that all buildings,
23
   structures, sidewalks, curbs, and related facilities, constructed in this state by the use of
24
   state, county, or municipal funds, or the funds of any political subdivision of the state shall
25
   be accessible to and usable by persons with disabilities". On information and belief,
26
   Government Code §4450 et seq apply to CHAPARRAL SUPER. Civil Code §54 provides
27
   that:"Individuals with disabilities or medical conditions have the same right as the general
28

---

**COMPLAINT**                                                                4

1  public to the full and free use of the streets, highways, sidewalks, walkways, public
2  buildings, medical facilities, including hospitals, clinics, and physicians' offices, public
3  facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with
4  disabilities shall be entitled to full and equal access, as other members of the general
5  public, to accommodations..." The codes relating to such public accommodations also
6  require that "[w]hen sanitary facilities are made available for the public, clients or
7  employees....they shall be made available for persons with disabilities." Title 24, California
8  Code of Regulations, formerly known as the California Administrative Code, was in effect
9  at the time of each alteration which occurred at such public facility since July 1, 1982, thus
10 requiring access complying with the specifications of Title 24 whenever each such
11 "alteration, structural repair or addition" was carried out. Defendants and/or their
12 predecessors in interest carried out alterations, structural repairs or additions to the subject
13 building and its parking facilities during the period Title 24 has been in effect.

14     11. JOHNSON has been a disabled individual since an accident left him paraplegic
15 in or about July 2009. His first visit to CHAPARRAL SUPER was on or about November 20,
16 2105, when he wanted a meal. His second visit was on January 10, 2016. During both of
17 his visits to CHAPARRAL SUPER, he has experienced numerous barriers to access in
18 violation of both federal and state access for disabled people laws, including but not limited
19 to the following:

20 •     JOHNSON experienced difficulties navigating the parking lot because:
21          •     there is a protruding electrical box in the parking path of travel;
22          •     the parking depth is too short;
23          •     the access aisle depth is too short;
24          •     the lack of a path of travel to the front entrance
25          •     the tow away sign is missing;
26          •     the path of travel cross-slope is too high; and
27          •     there are no truncated domes in the parking area;
28 •     JOHNSON experienced difficulties entering the business because:

**COMPLAINT**                                                                                      5

1           &bull;    the entrance is improperly sloped; and

2           &bull;    an object is blocking the lower 10 inches of the door.

3 &bull;   JOHNSON experienced difficulties inside the business because:

4           &bull;    the counter seating does not provide equal enjoyment of goods and

5           services;

6           &bull;    the cashier counter is too high

7           &bull;    table seating is tight and non-compliant;

8           &bull;    interior path of travel is tight;

9           &bull;    no clear directional signage within the restaurant to the ADA bathroom.

10 &bull;   JOHNSON was allowed by CHAPARRAL SUPER to use the bathrooms, but

11 experienced difficulties inside the two bathrooms because:

12           &bull;    the 1st and 2nd bathrooms lack stall turning space;

13           &bull;    the 1st and 2nd bathrooms' handles are tight and improperly require

14           twisting;

15           &bull;    the 1st and 2nd bathrooms' toilet paper seats are unreachable;

16           &bull;    the bathroom's paper towel and soap dispensers are unreachable;

17           &bull;    the bathroom's mirrors is too high;

18           &bull;    signage is not compliant in either bathroom;

19           &bull;    the 2nd bathroom's vestibule door opens into the sink area; and

20           &bull;    the 1st bathroom's vestibule door lacks pull space.

21

22     JOHNSON was humiliated and embarrassed at not being able to properly use the

23 bathroom facilities, and in particular not be able to use the toilet, and suffered a toilet-

24 accident as a result. He was also very fearful when he had to traverse the area behind

25 parked cars to try to get to the entrance, as he has recently been hit by a car in a similar

26 parking area situation.

27     These barriers have rendered CHAPARRAL SUPER and its premises illegally

28 inaccessible to and unuseable by physically disabled persons, including JOHNSON. All

---

1   facilities must be brought into compliance with applicable federal and state statutory and
2   regulatory requirements, according to proof.

3        12. Further, each and every violation of the Americans with Disabilities Act of 1990
4   (as pled in the Third Cause of Action below), also constitutes a separate and distinct
5   violation of California Civil Code §54(c), thus independently justifying an award of damages
6   and injunctive relief pursuant to California law, including but not limited to, Civil Code §§54.3
7   and 55.

8        13. Further, each and every violation of the Americans with Disabilities Act of 1990
9   (as pled in the Third Cause of Action below), also constitutes a separate and distinct
10   violation of California Civil Code §54.1(d), thus independently justifying an award of
11   damages and injunctive relief pursuant to California law, including but not limited to, Civil
12   Code §§54.3 and 55.

13        14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of
14   defendants as complained of herein, which are continuing on a daily basis and which have
15   wrongfully excluded JOHNSON and other similarly situated members of the public from full
16   and equal access to these public facilities. Such acts and omissions are the cause  of
17   humiliation and mental and emotional suffering of JOHNSON in that these actions continue
18   to treat JOHNSON as an inferior and second class citizen and serve to discriminate against
19   him on the sole basis that he is a person with a disability who requires the use of a
20   wheelchair for movement. JOHNSON is unable, so long as such acts and omissions of
21   defendants continue, to achieve equal access to and use of these public facilities, and has
22   been harmed as a result of trying to access the facilities and/or has been deterred and
23   unable to access the facilities. JOHNSON alleges that he intends to return and purchase
24   additional parts for vehicles once legally required access has been provided. The acts of
25   defendants have proximately caused and will continue to cause irreparable harm and injury
26   to JOHNSON if not enjoined by this court.

27        15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin any
28   continuing refusal by defendants to grant full and equal access to JOHNSON in the respects

**COMPLAINT**                                                                                                 7

1  complained of and to require defendants to comply forewith with the applicable statutory
2  requirements relating to access for disabled persons. Such injunctive relief is provided by
3  California Government Code §4452 and California Civil Code §55, and other law.
4  JOHNSON further requests that the court award damages pursuant to Civil Code §54.3 and
5  other law and attorney fees, litigation expenses, and costs pursuant to Civil Code §54.3 and
6  455, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

7       16. As a result of the denial of equal access to these facilities, and due to the acts
8  and omissions of defendants and each of them in owning, subsidizing, operating, leasing,
9  constructing, altering and maintaining the subject facilities, JOHNSON suffered a violation
10  of his civil rights, including but not limited to, rights under Civil Code §§54 and 54.1, all to
11  his damages per Civil Code §54.3, including general, statutory and treble damages, as
12  hereinafter stated. Defendants' actions and omissions to act constitute discrimination
13  against JOHNSON on the sole basis that he was and is physically disabled and unable,
14  because of the architectural and other barriers created and/or maintained by the defendants
15  in violation of the subject laws, to use the public facilities on a full and equal basis as other
16  persons.

17       17. At all times herein mentioned, defendants knew, or in the exercise of reasonable
18  diligence should have known, that their barriers and practices at their subject facilities
19  violated disabled access requirements and standards and had a discriminatory affect upon
20  JOHNSON and upon other physically disabled persons, but defendants have failed and
21  refused to rectify these violations, and presently continue a course of conduct of failure to
22  remove architectural barriers that discriminate against JOHNSON and similarly situated
23  disabled persons.

24       18. As a result of defendants' acts, omissions and conduct, JOHNSON has been
25  required to incur attorney fees, litigation expenses and costs, in order to enforce his rights
26  and to enforce provisions of the law protecting access for disabled persons and prohibiting
27  discrimination against disabled persons. JOHNSON therefore seeks recovery of all
28  reasonable attorney fees and costs, pursuant to the provisions of California Civil Code

1   §§54.3 and 55. Additionally, JOHNSON's lawsuit is intended to require that defendants
2   make their facilities accessible to all disabled members of the public, justifying "public
3   interest" attorney fees and costs pursuant to the provisions of California Code of Civil
4   Procedure §1021.5 and other applicable law.

5       WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
6   stated.

7
                            **SECOND CAUSE OF ACTION**
8   **VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51, 52,**
    **and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §51(f)**
9

10      19. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
11  factual allegations contained in Paragraphs 1 through 18, above, and incorporates them
12  herein by reference as if separately plead hereafter.

13      20. At all times relevant to this complaint, California Civil Code §51 has provided that
14  physically disabled persons are free and equal citizens of the state, regardless of medical
15  condition or disability.

16      21. California Civil Code §52 provides that discrimination by defendants against
17  JOHNSON on the basis of his disability constitutes a violation of the anti-discrimination
18  provision of §51 and 52.

19      22. Defendants' discrimination also constitutes a separate and distinct violation of
20  California Civil Code §52.

21      23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third
22  Cause of Action) constitutes a violation of California Civil Code §51(f) thus independently
23  justifying an award of damages and injunctive relief pursuant to California law.

24      24. The acts and omissions of defendants as herein alleged constitute a denial of
25  access to and use of the described public facilities by physically disabled persons within the
26  meaning of California Civil Code §§51 and 52. As a proximate result of defendants' actions
27  and omissions, defendants have discriminated against JOHNSON in violation of California
28  Civil Code §§51 and 52.

COMPLAINT                                                                                    9

1    25. As a result of defendants' acts, omissions and conduct, JOHNSON has been
2  required to incur attorney fees, litigation expenses and costs as provided by statute, in order
3  to enforce his rights and to enforce provisions of the law protecting access for disabled
4  persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks
5  recovery of all reasonable attorney fees and costs, pursuant to the provisions of California
6  Civil Code §§51 and 52. Additionally, JOHNSON's lawsuit is intended to require that
7  defendants make their facilities accessible to all disabled members of the public, justifying
8  "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil
9  Procedure §1021.5 and other applicable law.

10    WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
11  stated.

12  **THIRD CAUSE OF ACTION**<br>**VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990**
13  **42 U.S.C. §§12101 et seq**

14
15    26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
16  factual allegations contained in Paragraphs 1 through 25, above, and incorporates them
     herein by reference as if separately plead hereafter.
17
    27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated
18
19  purpose, in relevant part, was to mandate a national prohibition of discrimination against
     physically disabled persons and to provide standards to address the discrimination.
20
    28. As part of the ADA, Congress passed the definition of " Public Accommodation"
21
22  to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).

    29. The ADA clearly states that "[n]o individual shall be discriminated against on the
23
    basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
24
    advantages, or accommodations of any place of public accommodations by any person who
25
    owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C.
26
27  §12182. The specific prohibitions against discrimination included, but were not limited to the
    following:
28

(a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

(b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

(c) §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services..."

(d) §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable;" and

(e) §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of JOHNSON's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 et seq.

30. The removal of each of the barriers complained of by JOHNSON as alleged above were at all times herein mentioned since January 26, 1992 "readily achievable" under the standards of §302 of the ADA. As noted above, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993,

---

1 | have also independently triggered requirement for removal of barriers to access for disabled
2 | persons per §303 of the ADA.

3 | 31. JOHNSON is informed and believes and alleges thereon that, as of the date of
4 | his encounter of the premises and as of the filing of this Complaint, the premises have
5 | denied and continue to deny full and equal access to JOHNSON and to other disabled
6 | persons in other respects which violate JOHNSON's rights to full and equal access and
7 | which discriminate against JOHNSON on the basis of his disability, thus wrongfully denying
8 | to JOHNSON the full and equal enjoyment of the goods, services, facilities, privileges,
9 | advantages and accommodations, in violation of §§302 and 303 of the ADA.

10 | 32. JOHNSON is informed and believes and alleges thereon that defendants have
11 | continued to violate the law and deny the rights of JOHNSON and other disabled persons
12 | access to CHAPARRAL SUPER since on or before JOHNSON's encounters, as previously
13 | noted. Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq, JOHNSON is entitled to the
14 | remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C.
15 | 2000a-3(a), as JOHNSON is being subjected to discrimination on the basis of disability in
16 | violation of the ADA or has reasonable grounds for believing that he is about to be
17 | subjected to discrimination. Pursuant to §308(a)(2), "In cases of violations of
18 | §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to
19 | make such facilities readily accessible to and useable by individuals with disabilities to the
20 | extent required by this title."

21 | 33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil
22 | Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted to
23 | implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a) of
24 | the ADA who is being subjected to discrimination on the basis of disability in violation of
25 | Title III and who has reasonable grounds for believing he will be subjected to such
26 | discrimination each time he attempts to use the facilities at CHAPARRAL SUPER .

27 | WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
28 | stated.

**COMPLAINT**                                                                                         12

1                                                   **PRAYER**

2           JOHNSON prays that this court:

3           1. Issue a preliminary and permanent injunction directing defendants as current
4 owners, subsidiaries, operators, lessors, and/or lessees of the property and premises to
5 modify the above-described property and premises and related facilities so that each
6 provides full and equal access to all persons, including persons with physical disabilities
7 such as wheelchair users, and issue a preliminary and permanent injunction directing
8 defendants to provide facilities useable by JOHNSON and similarly situated persons with
9 disabilities, and which provide full and equal access, as required by law, including
10 appropriate changes in policy;

11           2. Retain jurisdiction over the defendants until such time as the court is satisfied that
12 defendants' unlawful policies, practices, acts and omissions, and maintenance of
13 inaccessible public facilities as complained of herein no longer occur and can not recur;

14           3. Award to JOHNSON all appropriate damages, including but not limited to statutory
15 damages, personal injury damages, general damages, and treble damages in an amount
16 within the jurisdiction of the court, all according to proof;

17           4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses,
18 and costs of this proceeding as provided by law;

19           5. Award prejudgement interest pursuant to California Civil Code §3291; and

20           6. Grant such other and further relief as this court may deem just and proper.

21

22 Dated: May 19, 2016               SARRAIL, CASTILLO & HALL, LLP

23

24                              By:  *Monica Castillo*
                                           Monica Castillo
25                                            Attorneys for Plaintiff
                                           RICHARD JOHNSON

26 ///

27 ///

28 ///

---

**COMPLAINT**                                                                      13

1

**DEMAND FOR JURY**

2

JOHNSON hereby demands a jury for all clams for which a jury is permitted.

3

4

Dated: May 19, 2016                    SARRAIL, CASTILLO & HALL, LLP

5

6

7          By: _____

8              Monica Castillo
             Attorneys for Plaintiff
             RICHARD JOHNSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                    14